[Cite as *State v. Lawson*, 2011-Ohio-6683.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 10CA0052-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAFFAEL D. LAWSON | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 09-CR-0429 |

DECISION AND JOURNAL ENTRY

Dated: December 27, 2011

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Raffael Lawson appeals from his convictions in the Medina County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2} In 2008, Agent Koula Zambounis was working as an undercover agent for the Medway Drug Enforcement Agency ("Medway"). Through the course of her investigation she was introduced to Josephine Church, who in turn introduced her to her boyfriend, Mr. Lawson. On December 12, 2008, and again on January 8, 2009, Agent Zambounis, as an undercover agent, bought what was purported to be cocaine. Both Ms. Church and Mr. Lawson were involved in the transactions.

{¶3} Thereafter, Mr. Lawson was indicted on one count of trafficking in cocaine in the vicinity of a juvenile, a second-degree felony, in violation of R.C. 2925.03(A)(1)(C)(4)(d) and R.C. 2923.03(A)(2) for the December 12, 2008 transaction, and one count of trafficking in

cocaine in the vicinity of a juvenile, a first-degree felony, in violation of R.C. 2925.03(A)(1)(C)(4)(e) for the January 8, 2009 transaction. The matter proceeded to a jury trial. During the trial, the trial court granted Mr. Lawson's Crim.R. 29 motion with respect to count two as a felony of the first degree; instead the trial court concluded that the State presented sufficient evidence to convict Mr. Lawson of a fourth-degree felony violation. The jury found Mr. Lawson guilty on both counts. Mr. Lawson was sentenced to six years in prison on count one and one year in prison on count two, which were ordered to run concurrently to each other. Mr. Lawson has appealed, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

"THE COURT ERRED BY ALLOWING THE INTRODUCTION INTO EVIDENCE OF VARIOUS RECORDINGS OF CONVERSATIONS OF JOSEPHINE CHURCH."

{¶4} Mr. Lawson argues in his first assignment of error that the trial court erred in admitting recordings of conversations with Ms. Church as Evid.R. 801(D)(2)(e) was not satisfied. Essentially, it appears that Mr. Lawson asserts that prior to playing the tapes, the State failed to present sufficient independent evidence of a conspiracy. We do not agree.

{¶5} Evid.R. 801(D)(2)(e) provides that "[a] statement is not hearsay if * * * [t]he statement is offered against a party and is * * * a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy." "Statements of co-conspirators are not admissible under Evid.R. 801(D)(2)(e) until the proponent of the statement has made a prima facie showing of the existence of the conspiracy by independent proof." *State v. Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, at ¶100, citing *State v. Carter* (1995), 72 Ohio St.3d 545, paragraph three of the syllabus. "It is sufficient if such

evidence * * * fairly raises a *presumption* or an *inference* of conspiracy." (Emphasis sic.) (Internal quotations and citation omitted.) *State v. Merriweather* (May 6, 1998), 9th Dist. No. 97CA006693, at *6. Nonetheless, "the premature admission of such a statement is harmless error if the State subsequently supplies the requisite independent proof of a conspiracy." *State v. Moore*, 9th Dist. No. 05CA008762, 2006-Ohio-4926, at ¶7, citing *Carter*, 72 Ohio St.3d at 550. "[E]xplicit findings of a conspiracy's existence need not be made on the record." *Hand* at ¶100. Moreover, in order for co-conspirator statements to be admissible under Evid.R. 801(D)(2)(e), there is no requirement that the conspiracy be charged in the indictment as a separate crime, nor is there a requirement that the actions constituting the conspiracy fit within the crimes contained in the conspiracy statute. *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, at ¶¶105-106.

{¶6} In the instant matter, the State played two audiotapes, portions of a CD and portions of a DVD for the jury which included conversations between Agent Zambounis and Ms. Church. Prior to playing the first audiotape, Agent Zambounis testified to the following events that occurred prior to the transactions as well as the details of the December 8, 2008 and the January 9, 2009 transactions themselves.

{¶7} Prior to the transactions, Agent Zambounis, posing as Kari Rodman, had a phone conversation with Mr. Lawson during which Mr. Lawson told Agent Zambounis that he was "glad [Agent Zambounis] was there for his girl[, Ms. Church,] and that she was handling his business while he was away." The nature of Mr. Lawson's business was not specified. However, when Agent Zambounis asked Mr. Lawson about his personal dealings with narcotics, he said "I don't [mess] with F-4s and F-5s. I only [mess] with F-1s and 2s with gun specs when it comes to dope." Mr. Lawson gave Agent Zambounis his phone number for conducting business and told her that Ms. Church did not even have that number. In addition, Agent

Zambounis testified that she always discussed the price and quantity of cocaine with Ms. Church on the phone. Mr. Lawson would not speak about price or quantities until the day of the transaction. "He wouldn't say amounts. He just would say like the whole track is covered in a text. He wouldn't talk on the phone at all. It's a very similar trait of most transactions with dealers who have been around and who know. * * * Who don't talk on their phone."

{¶8} With respect to the December 12, 2008 transaction, Mr. Lawson informed Agent Zambounis that Ms. Church would be coming to the undercover apartment first and that Mr. Lawson would arrive shortly thereafter. Agent Zambounis then testified that on December 12, 2008, Ms. Church arrived at the undercover apartment with her three-year old son. Ms. Church and Agent Zambounis sat down and Ms. Church counted the money. The two talked for a while, but nothing else happened until they made contact with Mr. Lawson on Agent Zambounis' phone. Next, Mr. Lawson showed up and then "the cocaine would – the transaction would take place and then they would go."

{¶9} With respect to the January 8, 2009 transaction, Agent Zambounis testified to the following sequence of events:

> "Calls and text messages took place with [Mr. Lawson,] and Ms. Church and her son arrived at the apartment first. We had to use my phone to make the call to Raffael Lawson.

> "Raffael called my phone and said that he was there and in the parking lot, and Ms. Church spoke with him and said she would be right down and then cocaine would be there and then they would leave."

{¶10} We conclude the State presented sufficient independent evidence prior to playing the conversations at issue to establish a "prima facie showing of the existence of the conspiracy" involving Ms. Church and Mr. Lawson. *Hand* at ¶100. Prior to publishing the tape to the jury, there was evidence presented that Ms. Church and Mr. Lawson together planned and executed

the sale of drugs to Agent Zambounis. See *Merriweather* at \*6. Therefore, Ms. Church's statements were those of a co-conspirator. Mr. Lawson does not appear to assert that the statements at issue were not made during the course of, and in furtherance of, the conspiracy. See Evid.R. 801(D)(2)(e). Accordingly, we cannot say the trial court erred in its admission of evidence. Mr. Lawson's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"DEFENDANT HAS BEEN DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO THE ASSISTANCE OF COUNSEL AND DUE PROCESS UNDER THE U.S. CONSTITUTION."

{¶11} Mr. Lawson's second assignment of error is somewhat difficult to follow. It appears Mr. Lawson asserts that the trial court should be required to transcribe the exhibits played during the trial. In addition, he asserts that because only portions of certain exhibits were played for the jury, this Court cannot know what the jury heard and what it did not. Finally it appears that Mr. Lawson believes this Court's denial of his motion to transcribe exhibits, or in the alternative allow him to remove those exhibits, prevented his appellate counsel from effectively representing him on appeal.

{¶12} Mr. Lawson has cited no authority which would require the trial court to have a court reporter present to transcribe exhibits during a trial. See App.R. 16(A)(7). Further, despite Mr. Lawson's contention that this Court cannot tell which portions of the exhibits were played for the jury, based upon the descriptions in the transcript and the papers attached to the CD, it is fairly clear what portions the jury heard. Accordingly, that portion of his argument is without merit.

{¶13} Finally, with respect to Mr. Lawson's argument concerning the denial of his motion in this Court, he has not specified how the trial court committed error. While Mr.

Lawson might have other remedies to challenge the denial of his motion in this Court, his direct appeal from his convictions in the trial court is not the appropriate mechanism to do so.

III.

{¶14} In light of the foregoing, we overrule Mr. Lawson's assignments of error and affirm the judgment of the Medina County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR

APPEARANCES:

MICHAEL WESTERHAUS, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL P. MCNAMARA, Assistant Prosecuting Attorney, for Appellee.